MATTER OF HILAIRE

In Visa Petition Proceedings

A-27453061

*Decided by Board March 8, 1988*

A petitioner may submit a certified copy of a document in support of a visa petition in accordance with 8 C.F.R. § 204.2(j)(1) (1988); however, if the Immigration and Naturalization Service requests the original document in order to determine that document's authenticity, the petitioner must comply with that request under 8 C.F.R. § 204.2(j)(3) (1988).

ON BEHALF OF PETITIONER:
Vincent J. Agresti, Esquire
56–58 Ferry Street
Newark, New Jersey 07105

ON BEHALF OF SERVICE:
Teresita R. Guerrero
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

The lawful permanent resident petitioner applied for preference status for the beneficiary as his unmarried daughter under section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(2) (1982). In a decision dated March 6, 1986, the Immigration and Naturalization Service Regional Adjudications Center ("RAC") director denied the petition. The petitioner has appealed. The appeal will be dismissed.

The beneficiary is a 31-year-old native and citizen of Haiti. The petitioner is a 72-year-old native and citizen of Haiti who was admitted to the United States on September 11, 1985, as a lawful permanent resident. On September 20, 1985, the petitioner filed a visa petition on behalf of the beneficiary claiming preference status for her as his unmarried daughter. A copy of an Extract from the Registers of Birth Certificates executed in September of 1985, and a copy of an Extract from the Registers of Marriage Certificates executed in January 1986, submitted with the visa petition, reflect that the beneficiary is the petitioner's legitimate daughter.

On December 9, 1985, the Immigration and Naturalization Service informed the petitioner that "[a]ll birth and marriage certificates from Haiti must be in the form of *original* extracts from the National Archives which have been issued subsequent to July 12, 1983." The petitioner failed to proffer the original documents requested by the Service.

In a decision dated March 6, 1986, the RAC director denied the petition because the petitioner failed to submit the requested documentation. The RAC director stated in his written decision that the authenticity of foreign documents can be more easily verified in the original form rather than through copies.

On appeal, the petitioner argues that 8 C.F.R. § 204.2(h) (1982), subsequently redesignated as 204.2(j)(1) (1988), states that a copy of a document submitted in support of a visa petition filed pursuant to section 204 of the Act, 8 U.S.C. § 1154 (1982), may be accepted, though unaccompanied by the original, if it bears a certification by an attorney. The petitioner argues that the copies of the birth and marriage certificates submitted in this case meet these requirements and should be accepted here.

The general attorney for the Service argues in a written brief to the Board that the original documents *must* be submitted by the petitioner if requested by the Service, citing 8 C.F.R. § 204.2(j)(3) (1988).

In this case, we note that 8 C.F.R. § 204.2(j)(1) (1988) provides that a copy of a document properly certified by an attorney "may be accepted," but that 8 C.F.R. § 204.2(j)(3) (1988) clearly provides that the original document "must be submitted if requested by the Service." Here, the Service requested the original documents for review. The Service notes that it did so because of problems with fraudulent documents submitted in support of Haitian visa petitions in the past and its ability to more easily verify the authenticity of original documents. Under the provisions of 8 C.F.R. § 204.2(j)(3) (1988) the petitioner was required to submit the originals. As this was not done, the petition was properly denied. Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.